## IN THE OREGON TAX COURT

Stewart M. and Marcia J. WHIPPLE

*v.*

## DEPARTMENT OF REVENUE

(TC 2677)

George Wittemyer, Portland, represented plaintiff.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 9, 1988.

**CARL N. BYERS, Judge.**

Plaintiffs paid taxes in Canada and claimed a foreign tax credit on their federal income tax returns for 1981 through 1985. Plaintiffs claimed the Canadian taxes as deductible business expenses on their Oregon income tax returns. Defendant disallowed the claimed deduction and plaintiffs appealed to this court.

For federal income tax purposes, a taxpayer may elect to claim foreign taxes paid as a credit or as a deductible

expense. Once that election is made, if "the taxpayer chooses to take to any extent the benefits" of the foreign tax credit, then no deduction shall be allowed. (IRC § 275 (1982).)

For Oregon income tax purposes, ORS 316.048 (1981 Replacement Part) provides:

"The entire taxable income of a resident of this state is his federal taxable income as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."[1]

During the relevant time period, ORS 316.107 stated:

"No credits applied directly to the income tax calculated for federal purposes pursuant to the Internal Revenue Code shall be applied in calculating the tax due under this chapter except those applicable under ORS 316.082, 316.087 and 316.292."[2]

■ Thus, if a taxpayer elects to receive a credit on the federal return, the Oregon taxable income will not reflect foreign tax expense unless Oregon provides a deduction. ORS 316.690(1) does provide such a deduction, although limited in amount. Subsection (2) of ORS 316.071, enacted by Or Laws 1981, ch 801, § 2(2)(a), (subsequently recodified as 316.690) limits the deduction when combined with the federal income tax deduction to $7,000.[3]

Plaintiffs contend that this limitation, which effectively eliminates any foreign tax deduction for plaintiffs for the years in question, is unconstitutional and results in double taxation. Plaintiffs' contentions in this regard, and with respect to our nation's tax treaty with Canada, are without merit. Neither the United States Constitution nor the tax treaty requires Oregon to grant any deduction from its measure of taxable income for foreign taxes paid. If Oregon is not

---

[1] ORS 316.048 remained substantively the same during the subject years although minor amendments occurred.

[2] The cited statutes dealt with credit for taxes paid another state, credit for the elderly, and credit for taxes paid another state or country by a resident estate or trust. Or Laws 1985, ch 802, § 7, amended ORS 316.107 by deleting the reference to the specific statutes mentioned and substituting the phrase "except those prescribed in this chapter."

[3] This deduction was subsequently limited to $3,000 by Or Laws 1987, ch 293, § 14(a).

required to grant any deduction, then surely it is within its power to grant only a limited deduction.

Plaintiffs also assert that the foreign taxes paid were attributable to a trade or business within the meaning of IRC § 162 (1982). Plaintiffs argue that all ordinary and necessary business expenses are deductible in arriving at adjusted gross income pursuant to ORS 316.716(3). It is necessary to compare the two statutes in question to determine which should control. ORS 316.690 provides in part:

"(1) Subject to subsection (2) of this section, in addition to other modifications provided in this chapter, and if a taxpayer elects to take foreign income taxes imposed for the taxable year by a foreign country as a credit on the federal income tax return or does not itemize personal deductions on the federal income tax return, there shall be subtracted from federal taxable income in the computation of state taxable income the amount of foreign income taxes imposed for the taxable year by a foreign country.

"(2) The deduction for foreign country income taxes provided by this section shall be limited as follows:" (The specific dollar limitations are then set out).[4]

Two years after the initial enactment of ORS 316.690, the legislature enacted ORS 316.716. Or Laws 1983, ch 162, § 69.[5] The relevant portion of that statute initially provided:

"(2) If a taxpayer has taken a federal credit, which requires as a condition of the use of the federal credit the reduction of a corresponding deduction or basis, and the federal credit is not allowable for Oregon purposes, federal taxable income shall be decreased by an amount, or an appropriate adjustment to basis shall be made which will reflect the difference in the deduction or basis on account of the taking of the credit."

This section was revised by Or Laws 1985, ch 802, § 14, to provide:

"(3) If a taxpayer has taken a federal credit, which requires as a condition of the use of the federal credit the

---

[4] Or Laws 1981, ch 801, § 2, codified as ORS 316.071 and renumbered ORS 316.690.

[5] Plaintiff's position is substantially weakened as to the years in issue prior to the effective date of ORS 316.716.

reduction of a corresponding deduction, and the federal credit is not allowable for Oregon purposes, the taxpayer shall be allowed the deduction for Oregon tax purposes."

Plaintiffs argue that the two statutes are not in conflict with each other. In plaintiffs' view, if a deduction is not allowed under ORS 316.690 then it is allowed under ORS 316.716(3). However, such a construction would essentially remove the express limitations of ORS 316.690.

■ · In attempting to fit the pieces of this legislative puzzle together, the rules of statutory interpretation are of some aid. ORS 316.690 specifically deals with foreign taxes and their treatment on federal and state returns. ORS 316.716(3) is a general provision dealing with federal credits and the allowance of a corresponding deduction for Oregon income tax purposes. Thus, for foreign taxes, ORS 316.690 should take precedence over ORS 316.716(3). Also, it is instructive that ORS 316.690 has been amended twice subsequent to the enactment of ORS 316.716(3) without major changes. As stated in 2A *Sutherland Statutory Construction* § 51.02 (4th ed):

"It is assumed that whenever the legislature enacts a provision it has in mind previous statutes relating to the same subject matter. In the absence of any express repeal or amendment, the new provision is presumed in accord with the legislative policy embodied in those prior statutes."

The court finds that the deduction allowed plaintiffs is limited by ORS 316.690. The statute does not distinguish between foreign taxes paid as a business expense and taxes paid as a personal expense. While the legislature could grant full deduction of foreign taxes paid as a business expense and limit the deduction of foreign taxes paid as a personal expense, it has not done so, nor does any constitutional provision compel it do so. In effect, the legislature has determined to treat taxes paid to foreign countries, whether they are a business expense or personal expense, in the same manner as federal income taxes and under the same general limitation.

Based upon the above analysis, defendant's Opinion and Order No. 86-0903 shall be affirmed. Defendant to recover its costs and disbursements incurred herein.