Argued and submitted October 31, 1989, the judgment of the Tax Court affirmed
March 6, 1990

# WHIPPLE et al,
*Appellants,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

## (OTC 2677; SC S35882)

788 P2d 994

George Wittemyer, Portland, argued the cause and filed the briefs for appellants.

Jerry Bronner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, Salem.

Before Peterson, Chief Justice, Linde,** Carson, Jones, Gillette, Van Hoomissen and Fadeley, Justices.

VAN HOOMISSEN, J.

---

** Linde, J., retired January 31, 1990.

## VAN HOOMISSEN, J.

Plaintiffs appeal a judgment of the Tax Court sustaining the order of the Department of Revenue (Department) disallowing their claimed deduction for Canadian income taxes they paid during 1981-85. On *de novo* review, we affirm.

During 1981-85, plaintiffs paid Canadian income taxes on income they received from investments in Canada. In each of the relevant years, plaintiffs claimed a foreign tax credit on their federal income tax return.[1] For those same years, plaintiffs claimed their Canadian taxes as deductible business expenses on their Oregon income tax returns. The Department disallowed their claimed deductions and assessed taxes, penalties, and interest. On appeal, the Tax Court sustained the Department's order. *Whipple v. Dept. of Rev.*, 11 OTR 117 (1989).

*Former* ORS 316.048 provided:

"The entire taxable income of a resident of this state is his federal taxable income of the resident as defined in the laws of the United States, with the modifications, additions and subtractions provided in this chapter."[2]

That statute authorizes taxpayers to reduce their Oregon taxable income for foreign taxes paid only to the extent such reduction is authorized by ORS chapter 316.

*Former* ORS 316.107 provided:

"No credits applied directly to the income tax calculated for federal purposes pursuant to the Internal Revenue Code shall be applied in calculating the tax due under this chapter except those applicable under ORS 316.082 [credits for taxes paid another state], 316.087 [credit for the elderly], and

---

[1] Had plaintiffs chosen to claim their foreign income taxes as a federal deduction rather than as a federal tax credit, the deduction would have been reflected in their federal taxable income and, by operation of *former* ORS 316.048, *infra,* in their Oregon taxable income. However, because plaintiffs chose to claim their foreign income taxes as a federal tax credit, their federal taxable income reflects no adjustments for foreign taxes paid.

[2] The relevant tax code statutes cited in this opinion were revised during or after the five tax years in question. Except as noted, the revisions did not change the substance of these statutes.

316.292 [credit for taxes paid in another state or foreign country by an estate or trust]."[3]

Until 1981, *former* ORS 316.082 also provided for a foreign tax credit. The 1981 legislature deleted that credit and in its place enacted *former* ORS 316.071 (now ORS 316.690).[4] *Former* ORS 316.071(2) allowed plaintiffs to claim a foreign taxes deduction on their Oregon returns only to the extent that the combined total of their federal income tax deduction and their foreign taxes deduction did not exceed $7,000. Because plaintiffs' federal income taxes for each of the years 1981-85 exceeded $7,000, the $7,000 statutory limitation precluded plaintiffs from claiming any foreign income tax deductions in those years.

■■ Plaintiffs argue, however, that at least for the years 1983-85, *former* ORS 316.716[5] authorizes an unlimited foreign

---

[3] In 1985, the references to specific statutes were deleted from ORS 316.107 and were replaced by the phrase "except those prescribed in this chapter."

[4] *Former* ORS 316.071 provided in part:

"(1) Subject to subsection (2) of this section, in addition to other modifications provided in this chapter, and if a taxpayer elects to take foreign income taxes imposed for the taxable year by a foreign country as a credit on the federal income tax return or does not itemize personal deductions on the federal income tax return, there shall be subtracted from federal taxable income in the computation of state taxable income the amount of the foreign income taxes imposed for a taxable year for the foreign country.

"(2) The deduction for foreign country income taxes provided by this section shall be limited as follows:

"(a) Except as provided in paragraph (b) of this subsection, *the sum of foreign country tax deducted in computing state taxable income and the modification for federal income tax authorized by ORS 316.068(4) shall not exceed $7,000.*" (Emphasis added.)

The legislature reduced the maximum to $3,000 in 1987.

[5] *Former* ORS 316.716 provided in part:

"(2) If a taxpayer has taken a federal credit, which requires as a condition of the use of the federal credit the reduction of a corresponding deduction or basis, and the federal credit is not allowable for Oregon purposes, federal taxable income shall be decreased by an amount, or an appropriate adjustment to basis shall be made which will reflect the difference in the deduction or basis on account of the taking of the credit."

*Former* ORS 316.716, which was first enacted in 1983, makes no provision for retroactive application, and consequently it does not apply to the 1981-82 tax years.

ORS 316.716 was amended in 1985 apparently only for the purpose of clarification. It now provides:

"(3) If a taxpayer has taken a federal credit, which requires as a condition of the use of the federal credit the reduction of a corresponding deduction, and the federal credit is not allowable for Oregon purposes, the taxpayer shall be allowed the deduction for Oregon tax purposes."

tax deduction. Viewed in isolation, *former* ORS 316.716 would appear to allow a deduction for any portion of plaintiffs' federal foreign tax credit that is not allowable for Oregon purposes, *i.e.*, in plaintiffs' case the entire credit. Plaintiffs claimed a federal tax credit for their foreign income taxes. That choice reduced to zero the federal deduction they otherwise could have claimed for their foreign income taxes. Nevertheless, we are not persuaded that *former* ORS 316.716 authorizes what *former* ORS 316.071 expressly forbade (foreign tax deductions in excess of the *former* ORS 316.071(2) limit). Plaintiffs' construction of the statutory scheme would render that limit a nullity. We conclude, therefore, that the legislature did not intend that ORS 316.716 repeal the *former* ORS 316.071(2) limit on foreign tax deductions.[6]

■ The language of *former* ORS 316.716 and *former* ORS 316.071 makes both statutes applicable to federal foreign tax credits. ORS 316.716, which applies to federal tax credits generally, is a general statute; *former* ORS 316.071, which addresses only the federal foreign tax credit, is a specific statute. Accordingly, we construe *former* ORS 316.071 to be an exception to *former* ORS 316.716.[7]

■ Plaintiffs contend that they should be allowed to characterize their foreign income tax payments as foreign income tax payments for federal tax purposes and as a business expense for state tax purposes. They argue that by characterizing their foreign income taxes as a business expense, they are not bound by the foreign tax deduction limitations of *former* ORS 316.071. Even if plaintiffs' foreign income tax payments were business expenses, *former* ORS 316.071 does not differentiate on that basis. That statute applies regardless of whether plaintiffs' foreign income tax payments were a business expense or a personal expense. In summary, we find no statutory basis for an Oregon taxpayer who claims a federal

---

[6] Subsequent to enacting ORS 316.716 in 1983, the legislature twice reenacted *former* ORS 316.071 with minor changes in 1985 and 1987, each time retaining the limitation on foreign tax deductions, changing only the amount of that limitation in 1987.

[7] ORS 174.020 provides:

"In the construction of a statute the intention of the legislature is to be pursued if possible; and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular intent shall control a general one that is inconsistent with it."

foreign tax credit to claim any foreign tax deduction other than as authorized by *former* ORS 316.071 (now ORS 316.690).

We now address plaintiffs' arguments that they are entitled to a foreign tax deduction as a matter of constitutional law or international treaty.[8]

■   Plaintiffs characterize their treatment as "double taxation," but they do not explain why on these facts the Department's action is unconstitutional. It is not disputed that plaintiffs were subject to income taxation by three different jurisdictions. Canada taxed plaintiffs' Canadian income. The United States taxed their total income, including their Canadian income, allowing plaintiffs to choose either a tax credit or a deduction for Canadian taxes paid. Oregon also taxed plaintiffs' total income, subject to adjustments authorized by Oregon law. In being taxed by both state and federal governments on the same income, plaintiffs are treated no differently than Oregonians who do not have foreign income.

■   Plaintiffs contend that treating taxes paid outside of the United States differently than taxes paid to the United States or sister states is "discriminatory" in violation of the privileges and immunities provision of Article I, section 20, of the Oregon Constitution, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs' state constitutional claim fails because plaintiffs cannot demonstrate any prohibited differentiated treatment. *See Hale v. Port of Portland,* 308 Or 508, 525-26, 783 P2d 506, (1989).

Plaintiffs' Equal Protection claim also fails. *See Allied Stores of Ohio v. Bowers,* 358 US 522, 527, 79 S Ct 437, 3 L Ed 2d 480 (1959) (no denial of equal protection if classification is neither capricious nor arbitrary and rests upon reasonable consideration of difference or policy); *see also Tetreault v. Franchise Tax Board,* 255 CA2d 277, 282, 63 Cal Rptr 326

---

[8] The Tax Court concluded:

"Plaintiffs' contentions in this regard, and with respect to our nation's tax treaty with Canada, are without merit. Neither the United States Constitution nor the tax treaty requires Oregon to grant any deduction from its measure of taxable income for foreign taxes paid. If Oregon is not required to grant any deduction, then surely it is within its power to grant only a limited deduction." 11 OTR at 118.

(1967) (Equal Protection Clause has limited scope in relation to state taxation); *Commonwealth v. Westinghouse Electric Corp.,* 386 A2d 491, 493, 478 Pa 164 (1978), *appeal dismissed for want of substantial federal question,* 439 US 805, 99 S Ct 61, 58 L Ed 2d 61 (1978) (Pennsylvania Supreme Court found no Equal Protection Clause violation where state taxable income was determined with reference to federal taxable income and state applied state rule uniformly to all corporate taxpayers).

Plaintiffs argue that *Davis v. Michigan Dept. of Treasury,* 489 US 803, 109 S Ct 1500, 103 L Ed 2d 891 (1989), supports their arguments. In *Davis,* the United States Supreme Court found that a state's taxing scheme which discriminated between state and federal government retirees on the basis of the source of their pensions violated both 4 USC § 111 (authorizing states to tax federal employees income on a nondiscriminatory basis) and the federal doctrine of intergovernmental immunity. *Davis* is inapposite to the issue herein. *Davis* was concerned with differential treatment of pensions paid by different governments (federal and state) and federalism concerns about the extent to which a state could indirectly burden the federal government by taxing the pensions of federal retirees. Accordingly, *Davis* has no relevance here.

■ ■  Finally, plaintiffs contend that the Oregon tax scheme violates the income tax treaty between the United States and Canada requiring both nations to allow tax credits or deductions for taxes paid to the other.[9] The relevant treaty language, however, applies only to the *nations* involved, Canada and the United States, and not to state taxation. Plaintiffs received the full benefit of the treaty when they claimed their Canadian taxes as a foreign tax credit against their United States taxes. We find no support for plaintiffs' contention that the treaty imposes any constraint upon Oregon's treatment of foreign taxes.

---

[9] Plaintiffs failed to cite the relevant treaty in their brief. The Department apparently assumes that plaintiffs are referring to "The Convention between Canada and the United States of America with Respect to Taxes on Income and on Capital," ____ U.S.T. ____, T.I.A.S. No. _____ (INDEX CCH) Federal Tax, 361A (1989), signed at Washington, D.C. on September 26, 1980. We recognize, of course, that under the Supremacy Clause of Article VI, United States Constitution, Oregon courts are bound by federal treaties, but plaintiffs cite no treaty provision that would prohibit application of the challenged provisions of the Oregon Tax Code.

The judgment of the Tax Court is affirmed.